Filed in U.S. Bankruptcy Court Atlanta, Georgia

JUL 6 2010

M. Regina Thomas, Clerk
By: Deputy Clerk

B 210A (Form 210A) (12/09)

FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA

M. REGINA THOMAS, CLERK

BY: DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

NOTHERN DISTRICT OF GEORGIA

In re Ziegler, Ronald Jerome and Sherry Ann, Case No. 06-67014

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

MetaBank, Attn: Dick Marshall
Name of Transferee

Cash Credit Corporation
Name of Transferor

Name and Address where notices to transferee should be sent:
418 Sith Ave. Ste. 205
Des Moines, IA 50309

Court Claim # (if known): 15
Amount of Claim: $4,093.55
Date Claim Filed: 9/12/2006

Phone: 515-309-5148
Last Four Digits of Acct #: ___

Phone: ___
Last Four Digits of Acct. #: 2782

Name and Address where transferee payments should be sent (if different from above):

Phone: ___
Last Four Digits of Acct #: ___

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___
Transferee/Transferee's Agent

Date: 06/09/2010

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**BILL OF SALE**

**THIS BILL OF SALE** is entered into this 19th day of February, 2009 by and between Cash Credit Corporation No.38, a Georgia corporation ("CCC"), and MetaBank (the "Bank").

**RECITALS**

**WHEREAS,** the Bank has a duly perfected security interest in all of CCC's personal property, including but not limited to the following:

> All accounts receivable, inventory, equipment, chattel paper, instruments, general intangibles, documents, investment property, vehicles, cash, deposit accounts, and contract rights, wherever situated, and all proceeds therefrom, including without limitation any proceeds resulting from CCC's claims against Yolanda Brown and Parkway Motors, and from the sale of the Austell, Georgia assets (the "Property"); and

**WHEREAS,** the obligations secured by the Property are in default and CCC, in lieu of requiring the Bank to commence foreclosure, replevin or other action, desires to convey to the Bank all of CCC's right, title and interest in and to the Property.

**CONVEYANCE**

**NOW, THEREFORE,** in consideration of the foregoing premises and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, CCC does hereby assign, transfer, and convey to the Bank, as an absolute conveyance and in lieu of foreclosure, replevin or other action, all right, title and interest in and to the Property.

CCC represents and warrants that it is the owner of the Property free and clear of all liens and encumbrances, except the lien existing in favor of the Bank.

CCC acknowledges and agrees it is in default under the obligations secured by the Property and that Bank is entitled to take possession of the Property and to dispose of the Property under Section 610 of Article 9 of the Uniform Commercial Code in effect in the applicable jurisdiction (the "UCC"). CCC hereby waives any right to notification of disposition of the Property under Section 611 of Article 9 of the UCC.

CCC agrees to execute and deliver to Bank any vehicular certificates of title or other transfer documents Bank may reasonably require in connection with the transfer and conveyance of the Property.

**IN WITNESS WHEREOF,** the parties have executed this Bill of Sale as of the day of February, 2009.

[Signature Page Follows]

CASH CREDIT CORPORATION NO.38,
a Georgia corporation
By: [signature]
Name: MARK WALSINGER
Title: PRESIDENT

METABANK
By: [signature]
Name: John Hagy
Title: CIO

B 10 (Official Form 10)
Rev. 6/91)

**United States Bankruptcy Court**
NORTHERN District of GEORGIA

**PROOF OF CLAIM**
CHAPTER 13

In re (Name of Debtor): Ronald Zeigler

Case Number: A06-67014-MM

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or entity to whom the debtor owes money or property)*
Cash Credit Corporation

Name and Addresses Where Notices Should be Sent
Cash Credit Corporation
P.O. BOX 156
Austell, Georgia 30168

Telephone No.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: 32782

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated: ____

1. BASIS FOR CLAIM:
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensations (Fill out below)
Your social security number ____
Unpaid compensations for services performed
from ____ (date) to ____ (date)

2. DATE DEBT WAS INCURRED: May 18, 2006

3. IF COURT JUDGMENT, DATE OBTAINED:

4. *CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority,* (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

☐ SECURED CLAIM $ ____
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ ____

☒ UNSECURED NONPRIORITY CLAIM $ 4093.55
*A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.*

☐ UNSECURED PRIORITY CLAIM $ ____
*Specify the priority of the claim.*
☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan—U.S.C. § 507(a)(4)
☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
☐ Taxes or penalties of governmental units—11 U.S.C. § 507(a)(7)
☐ Other—11 U.S.C. §§ 507(a)(2), (a)(5)—(Describe briefly)

| 5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED: | $ 4093.55 | $ | $ | $ 4093.55 |
|---|---|---|---|---|
| | (Unsecured) | (Secured) | (Priority) | (Total) |

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: *The amount of all payments on this claim has been credited and deducted for the purpose* of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 9-7-06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

R. V. Karlberg

RICHARD V. KARLBERG, JR., STATE BAR NO. 407900

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

34 Peachtree St., Suite 2210, Atlanta, Georgia 30303 (404) 523-2888

# INSTALLMENT LOAN NOTE

LOAN NO. 1372232782

$ 5,043.12 May 18 2006 Austell GEORGIA

FOR VALUE RECEIVED, the undersigned promises to pay to the order of: Cash Credit Corporation

the sum of five thousand forty-three and 12 / 100 Dollars ($ 5,043.12 )

PAYABLE IN: 24 Payments monthly installments of $ 210.13 each and a final installment of $ 210.13 Payments include principal and finance charges and begin on 06/18/2006 and continue each successive month thereafter until paid in full. The interest rate of this loan, expressed in Simple Interest terms is 29.99 % per annum.

Principal and finance charges are payable at: Offices of Cash Credit Corporation or at such other place as the holder hereof may designate in writing.

As to any real or personal property listed below to which a security interest is hereby granted to Lender, should any installment not be paid when due, or upon the breach of any covenant or obligation of the Borrower or any misrepresentation or misstatement of the Borrower in connection with this note and security agreement, or the Lender deems itself or the described property unsafe or insecure, the borrower fails to keep the property fully insured against all substantial risks or losses, or Borrower's failure to comply with the term of a security deed given as to any real property as security for this indebtedness, the entire unpaid principal sum evidenced by this note, with all earned finance charges, shall, at the option of the holder, and without notice to the undersigned, become due and may be collected forthwith, time being of the essence of this contract. It is further agreed that failure of the holder to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or stop the holder from exercising such right. Any collateral for this note shall also be security for any other or further indebtedness of the borrower with the Lender.

REAL PROPERTY Located AT: No real property applies to this loan.

PERSONAL PROPERTY:

27 IN RCA 27 IN ZENITH
19 IN MAGNOVOX 19 EMERSON COLOR TV AND BUILT
IN RADIO SANYO PORTABLE STEREO
PUSHMOWER 2 POWER DRILLS
RCA COMPONTNT STEREO 19 ZENITH IN COLOR TV WITH BUI
LT IN RADIO TECHNIQUES STEREO
CRAFTSMAN TOOL CRAFTSMAN DRILL
PHILCO VCR SHARP VCR

*In the event borrower fails to pay any installment within fifteen (15) days of the due date thereof there shall be* imposed a delinquency charge of 5% of each installment, provided that said charge shall be made only once on any given installment. If this note is secured by a manufactured home, the delinquency charge will not exceed the lesser of $5.00 or 5% of the installment. Any balance remaining unpaid after maturity shall bear interest at the maximum rate of interest allowed by law.

In case this note is collected by law, as through an attorney at law, all costs of collection, including fifteen per centum (15%) of the principal and earned interest as attorney's fees shall be paid by the maker hereof.

Any extension of time or renewal hereof may be granted to any party hereto or liable hereon, without notice to or knowledge or consent of any endorser, surety, co-maker, or other such party, and without in any way affecting the rights of the holder of the security conveyed by the above referred to security deed; and the acceptance of partial payments or any other variance in the performance of the obligations required hereunder shall in nowise affect, modify or impair the rights of the holder hereof against all of the parties hereto or liable hereon and every endorser, surety, co-maker and any other such party waives any and all right to notice of any such event as well as any and all defenses that otherwise might be available but for the express terms hereof by reason of any such event.

Time being of the essence of this agreement, should the Borrower fail to apply any installment of said indebtedness promptly when due, or should the borrower sell or transfer the collateral, or fail to repay said Lender any taxes, assessments or insurance premiums advanced by it promptly when due, or breach any covenant of this note or said deed, said Lender, its successors or assigns may, at its option and without notice, declare the entire indebtedness due less unearned finance charges computed as provided by Ga. Code Section 7-4-2, and such unearned finance charges shall not be computed under the Rule of 78's.

THE BORROWER MAY PREPAY IN FULL, OR IN PART, THE UNPAID BALANCE OF THIS LOAN AT ANY TIME. Upon any full Prepayment borrower shall pay a prepayment penalty equal to ______% of the then existing net loan balance plus a sum equal to the difference between the actuarial and rule of 78's method of computing earned interest. Provided, however, for any loan exceeding 60 months which is subject to the Federal Real Estate Settlement Procedures Act any refund of finance charge shall be based on a method which is at least as favorable to the borrower as the actuarial method. If the loan contract is prepaid in full by a refinancing of the contract by the creditor or an affiliate of the creditor, refund will be made under the Actuarial method and no prepayment penalty will be charged. FOR LOANS SECURED BY BORROWER'S PRINCIPAL DWELLING THAT ARE NOT RESIDENTIAL MORTGAGE TRANSACTIONS, THE FOLLOWING APPLIES:

A. If the Borrower's debt ratio is 50% or less the prepayment penalty shall apply during the first 5 years of the loan contract and the interest refund will be made under the rule of 78's.

B. If the Borrower's debt ratio is above 50% no prepayment penalty shall apply and the interest refund shall not be computed under the rule of 78's.

Wherever used herein, the Lender or Holder includes the Lender's successors and assigns.

WITNESS Their hand and seal [signature] (SEAL)

WITNESS [signature] (SEAL)

**ARBITRATION**

Any and all disputes or disagreements between the parties arising out of this agreement or any prior agreement between them [illegible] shall be decided by arbitration in accordance with the procedural rules of the American Arbitration Association as presently published and existing. The parties agree to be bound by the decision of the arbitrator(s). The arbitration proceeding shall be a condition precedent to any other court proceeding and shall take place in the office of Lender stated above unless another location is mutually agreed by the parties. The cost and expenses of the arbitrator(s) shall be shared equally by the parties. Each party shall be responsible for its own cost and expenses in presenting a dispute for arbitration. Notwithstanding the applicability of any other law which may be applicable to any other provision of this agreement, the Federal Arbitration Act, 9 U.S.C. Section 1-16, shall control the construction, interpretation, and application of this paragraph.

5850 LOVE STREET

Austell, GA 30168-0156

Address

22180 (rev. 3/97) (rev. 10/98) (rev. 5/99) (rev. 5/2255)

ASSIGNED TO Heiberik of GA [illegible]